# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 23-CR-3014-LTS-KEM |
| vs. | **ORDER** |
| BRITTANY GRAHAM, | |
| Defendant. | |

This matter is before me on a Report and Recommendation (R&R) in which the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge, recommends that I deny defendant Brittany Graham's motion (Doc. 30) to dismiss the indictment under *Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Doc. 36. Neither party has filed objections.

## I. BACKGROUND

On June 27, 2023, the grand jury returned an indictment (Doc. 2) charging Graham with one count of possession of firearms by a drug user in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8). On April 19, 2024, Graham filed a motion (Doc. 30) to dismiss the indictment based on *Bruen*. The Government filed a resistance (Doc. 31) on April 23, 2024. On April 26, 2024, Judge Mahoney filed an order denying Graham's motion (Doc. 29) for extension of non-trial related motions, in which she noted that Graham's motion to dismiss was "without question untimely." Doc. 33 at 2. Judge Mahoney then filed the R&R (Doc. 36) on May 13, 2024. Neither party filed objections and the time for doing so has passed.

## II.   APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b).  Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## III.  DISCUSSION

Because neither party objected to the R&R, I have reviewed it for clear error.  I agree with Judge Mahoney's conclusion that Graham's motion must be dismissed as untimely.  Further, I agree with Judge Mahoney that even if the motion was timely, Graham's facial challenge to 18 U.S.C. § 922(g)(3) fails under binding Eighth Circuit authority.  *See United States v. Veasley*, 98 F.4th 906, 908, 918 (8th Cir. 2024).  Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation.

## IV.  CONCLUSION

For the reasons set forth herein:

1. I **accept** the Report and Recommendation (Doc. 36) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to the Report and Recommendation (Doc. 36), Graham's motion (Doc. 30) to dismiss the indictment is **denied.**

**IT IS SO ORDERED** this 31st day of May, 2024.

_____
Leonard T. Strand
United States District Judge